NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2010
Decided October 18, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2168

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-8-C-01 |
| JOSE GUADALUPE DOMINGUEZ, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Jose Dominguez, a Mexican citizen, was deported in 1999 after convictions in Wisconsin for arson and delivery of cocaine. Since then he has returned to the United States and been removed two more times. Most recently he was found in Watertown, Wisconsin, and charged with unauthorized presence after removal, 8 U.S.C. § 1326(a). After the district court denied his motion to dismiss the indictment, Mr. Dominguez entered a conditional guilty plea that allows him to challenge the court's ruling on appeal. *See* FED. R. CRIM. P. 11(a)(2). The district court sentenced him to 24 months' imprisonment, below the guidelines range of 46 to 57 months. Mr. Dominguez filed a notice of appeal, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v.*

*California*, 386 U.S. 738 (1967).  Mr. Dominguez has not responded to counsel's submission. *See* CIR. R. 51(b).

Our review of counsel's *Anders* submission is limited to the potential issue discussed in his facially adequate supporting brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).  Counsel has identified only one possible issue for appeal: whether Mr. Dominguez could challenge the denial of his motion to dismiss the indictment. Mr. Dominguez has not indicated, however, that he wants his guilty plea set aside if the ruling on his motion to dismiss should stand, so counsel correctly forgoes discussion of other possible challenges to the voluntariness of the plea or the adequacy of the plea colloquy.  *See* FED. R. CRIM. P. 11(b); *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Mr. Dominguez was born in Mexico in 1978 after his married parents had traveled from their home in the United States for a brief visit with family.  It is unclear whether Mr. Dominguez's father was lawfully in the United States prior to the trip, but Mr. Dominguez's mother, then 17, was a citizen.  Had Mr. Dominguez been born after his parents returned to the United States, he would have been a citizen.  *See* 8 U.S.C. § 1401(a) (1976).  He also would have acquired his mother's citizenship, despite his birth in Mexico, if she had been unmarried or had reached the age of 19 before he was born.  *See* 8 U.S.C. §§ 1401(a)(7), 1409(c) (1976).  Mr. Dominguez could later have acquired legal residency or citizenship through his parents (his father became a permanent resident in 1979), but the family did not try to complete the process until Mr. Dominguez had incurred several felony convictions, and by then it was too late.  *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2006).  The governing immigration statute has since been amended, and if Mr. Dominguez had been born after the change, he would be a United States citizen.  *See* Pub. L. No. 99-653, § 12, 100 Stat. 3657 (amending 8 U.S.C. § 1401(g) (1986)).  In arguing for dismissal of the indictment, Mr. Dominguez asserted that, for all practical purposes, he is a United States citizen.  He acknowledged his alien status under the former version of the statute, but he argued that the law discriminates on the basis of marital status and age and thus deprives him of equal protection.  The district court concluded that Mr. Dominguez had Article III standing to raise this constitutional claim but reasoned that the claim fails on the merits.

In his *Anders* brief, counsel concludes that the district court correctly analyzed and rejected Mr. Dominguez's motion to dismiss, and that consequently an appellate challenge would be frivolous.  We agree with counsel's conclusion that the potential issue would be frivolous, but our reason differs.  What the parties and the district court overlooked is that 8 U.S.C. § 1326, the statute of conviction, sharply curtails challenges to a defendant's immigration status within the context of the criminal case.  *See United States v. Roque-Espinoza*, 338 F.3d 724, 728 (7th Cir. 2003) (explaining that § 1326(d) increased the

procedural requirements for a defendant challenging removal in the context of a prosecution under § 1326(a)).

Mr. Dominguez's motion to dismiss the indictment is a challenge to his prior removals. *See United States v. Marguet-Pillado*, 560 F.3d 1078, 1081, 1084 (9th Cir. 2009) (construing argument that § 1326(a) prosecution should be dismissed on ground that defendant was United States citizen as collateral attack on prior order of removal). Section 1326(d) provides that a defendant in a criminal proceeding cannot dispute an order of removal unless (1) he exhausted the administrative remedies available to challenge the removal; (2) the removal proceedings improperly denied him the opportunity for judicial review; and (3) the entry of the order of removal was fundamentally unfair. *See* 8 U.S.C. § 1326(d); *United States v. Arita-Campos*, 607 F.3d 487, 491 (7th Cir. 2010); *United States v. De Horta Garcia*, 519 F.3d 658, 660-61 (7th Cir. 2008); *United States v. Santiago-Ochoa*, 447 F.3d 1015, 1019 (7th Cir. 2006). Despite the conjunctive nature of the statute, we have not resolved whether the defendant in every instance must establish all three requirements, *see Arita-Campos*, 607 F.3d at 491, though four of five circuits to decide the question have answered affirmatively. *Compare United States v. Torres*, 383 F.3d 92, 98-99 (3d Cir. 2004); *United States v. Wilson*, 316 F.3d 506, 509 (4th Cir. 2003); *United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002); *and United States v. Fernandez-Antonia*, 278 F.3d 150, 157 (2d Cir. 2002), *with United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001). Mr. Dominguez made no effort to show that he satisfied any element of § 1326(d), which would have been his burden. *See Arita-Campos*, 607 F.3d at 490; *United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010); *United States v. Earle*, 488 F.3d 537, 541 n.4 (1st Cir. 2007); *Santiago-Ochoa*, 447 F.3d at 1019. In the criminal case he introduced no information about his efforts, if any, to challenge his several removals either administratively or judicially. Because Mr. Dominguez did not even attempt to carry his burden below, an appeal challenging the denial of his motion to dismiss would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.